IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARNELL CHAMBERLAIN, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 15-5935 |
| | : | |
| SUPERINTENDENT BOBBI JO | : | |
| SALAMON, *et al*., | : | |
| Respondents. | : | |

## O R D E R

Carnell Chamberlain has filed pro se objections to Magistrate Judge Hey's Report and Recommendation on his Habeas Petition. (Doc. Nos. 78, 92.) I will overrule his objections, adopt the Report and Recommendation in full, and deny his Habeas Petition.

### I. BACKGROUND

Chamberlain was convicted of first-degree murder in Pennsylvania state court and sentenced to life imprisonment. (See Doc. No. 78 at 1.) On October 30, 2015, he filed a pro se Habeas Petition raising seven grounds for relief, to which he added two claims in later filings. (Doc. Nos. 1, 7, 28, 55); 28 U.S.C. § 2254. I referred the Habeas Petition to Magistrate Judge Hey, and on April 15, 2024, she issued a Report and Recommendation that I deny relief on all claims. (Doc. Nos. 36, 78.)

Chamberlain did not file any objections. (See Docket.) After I reviewed the Report and Recommendation, I adopted it in full on June 3, 2024. (Doc. No. 83.) On that day—after my Order had been docketed—the Clerk docketed a Motion from Chamberlain, putatively under Rule 15, to "review Ground Six [of his Habeas Petition] anew." (Doc. No. 84); Fed. R. Civ. P. 15(c). Twenty-two days later, Chamberlain made the same request under Rule 59(e). (Doc. No. 85); Fed. R. Civ. P. 59(e). On July 31, 2024, I denied both requests, but I vacated my June 3, 2024 Order and ordered Chamberlain to file any objections by August 14, 2024. (Doc. 90.) Chamberlain

Case 2:15-cv-05935-PD    Document 99    Filed 07/01/25    Page 2 of 4

mailed his objections on that day.  (Doc. No. 92 at *15; see also Doc. No. 93.)  The matter is fully briefed.  (Doc. Nos. 97, 98.)

## II.    LEGAL STANDARDS

Courts should give liberal construction to pro se habeas petitions.  Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010).  I review de novo the factual findings and legal conclusions of a Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).  If no party objects to a portion, I review only for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## III.    DISCUSSION

Chamberlain objects only to Judge Hey's disposition of the sixth claim.  (Doc. No. 92 at *2.)  Having again reviewed the rest of the Report, I see no clear error, and I agree with Judge Hey's Recommendation as I did in my June 3, 2024 Order.  (See Doc. No. 83.)

In his sixth claim, Chamberlain alleges that he was denied the assistance of counsel during reinstruction of the jury.  (Doc. No. 78 at 8.)  Apparently, while the jury was deliberating during his criminal trial, Chamberlain's counsel left to address another matter in the courthouse.  (Id. at 38.)  During those deliberations, the jury asked the court to redefine first- and third-degree murder.  (Id.)  Chamberlain agreed to have his co-defendant's counsel stand in, and the judge repeated to the jury a recitation of the elements of those offenses.  (Id. at 39.)

In his Habeas Petition, Chamberlain argued that his "right to counsel at all critical stages of the criminal proceedings" was violated when the trial court "instructed the jury without Chamberlain's lawyer being present."  (Doc. No. 7 at 33-34.)  He averred that he "never waived his right to counsel," and that "[t]here was also a conflict of interes[t] in expecting trial counsel for . . . Chamberlain's codefendant . . . to protect or preserve Chamberlain's rights."  (Id. at 35.)  Judge

Hey found this argument unconvincing because Chamberlain "was aware of his counsel's absence from the courtroom and agreed to be represented by his co-defendant's counsel," and he "failed to establish any conflict of interest." (Doc. No. 78 at 42-43.)

Chamberlain objects. (Doc. No. 92 at *3-13.) He argues that his trial counsel was "ineffective for failure to request a mistria[l] when he learned that the trial court reinstructed the jury . . . without the presence of trial counsel and . . . when the trial court failed to give an effective colloquy when the petitioner unknowingly waived his right to counsel, which the trial court should not have questioned Petitioner at all knowing that counsel was attached and . . . a conflict of interest existed due to dual representation, which ne[i]ther of the alleged co-defendants consented t[o]." (Id. at *3.) I will not consider his ineffective assistance of counsel argument, as claims first raised in objections to a Report and Recommendation are waived. Jimenez v. Barnhart, 46 F. App'x 684, 685 (3d Cir. 2002). I will otherwise overrule his objections.

A defendant may consent to representation by substitute counsel for critical parts of a criminal proceeding. Carroll v. Renico, 475 F.3d 708, 712-14 (6th Cir. 2007); see also Miller v. Stagner, 757 F.2d 988, 996 (9th Cir.); United States v. Phillips, 664 F.2d 971, 1041 (5th Cir. 1981). Chamberlain did so. (See Doc. No. 92 at *5.)

The court's colloquy of Chamberlain was sufficient, and he knowingly and voluntarily consented to substitute counsel. When asking a defendant if he consents to substitute counsel, a court must "inquire whether [the defendant] understood the other options, [as] understanding one's options is an essential ingredient of waiver when the right at stake is counsel." United States v. Patterson, 215 F.3d 776, 784 (7th Cir.), partially vacated on other grounds, 531 U.S. 1033 (2000) (citing Johnson v. Zerbst, 304 U.S. 458 (1938)). Here, the trial court told Chamberlain that the court could "wait until I can get [Chamberlain's counsel] here before I respond to the [jury]

3

question" but asked if he had "any objection" to his co-defendant's counsel standing in. (Doc. No. 78 at 39.) Chamberlain affirmed three times that this was okay. (Id.)

Finally, Chamberlain has not established any conflict of interest with his co-defendant for purposes of the court's restatement of the definitions of first- and third-degree murder. As Judge Hey ably noted, "[t]he Supreme Court has held that '"an actual conflict of interest" mean[s] precisely a conflict that affected counsel's performance – as opposed to a mere theoretical division of loyalties.' Mickens v. Taylor, 535 U.S. 162, 171 (2002) (emphasis in original)." (Doc. No. 78 at 43.) Chamberlain has not shown that his substitute counsel's performance was in any way affected by representing both parties for the limited purpose of jury reinstruction.

To the contrary, he does not urge that the trial court's reinstruction (or original instruction) was erroneous. (See Doc. No. 92 at *8-10.) In these circumstances, any error in allowing the reinstruction in the absence of Chamberlain's counsel was certainly harmless. Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded.")

**AND NOW**, this 1st day of July, 2025, upon consideration of the pleadings and record herein, and after careful review of Judge Hey's Report and Recommendation (Doc. No. 78), and all related filings, it is hereby **ORDERED** that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**;

2. The Report and Recommendation (Doc. No. 78) **is APPROVED AND ADOPTED**;

3. A certificate of appealability will not issue; and

4. The Clerk of Court **SHALL** mark this case **CLOSED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.
